<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESUS ALBARRAN, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil No. 10-2640 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    JESUS ALBARRAN, #12674-171
    F.C.I. Fort Dix
    P.O. Box 2000 East
    Fort Dix, New Jersey 08640
    Petitioner <u>Pro</u> <u>Se</u>

**<u>KUGLER</u>**, District Judge

Jesus Albarran, a federal prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a federal sentence imposed in 2006 by the United States District Court for the Western District of Texas. Having thoroughly reviewed the Petition, as well as the docket in the underlying criminal proceeding, this Court will summarily dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Petitioner challenges a 292-month term of imprisonment imposed by judgment filed September 12, 2006, after a jury convicted him of conspiracy with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841 and 846, and conspiracy to commit

money laundering in violation of 18 U.S.C. § 1956(h).  See United States v. Albarran, Crim. No. 00-0117-XR-17 judgment (W.D. TX. Sept. 12, 2006).  Petitioner appealed, arguing that the evidence was insufficient to prove his identity.  On June 29, 2007, the United States Court of Appeals for the Fifth Circuit affirmed.  See United States v. Albarran, C.A. No. 06-51366 slip op. (5th Cir. Jun. 29, 2007).

On November 9, 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, asserting that counsel was ineffective for several reasons.  See United States v. Albarran, Crim. No. 00-0117-XR-17 Docket Entry #472 (W.D. TX. Nov. 9, 2007).  After an evidentiary hearing was conducted, on June 6, 2008, United States District Judge Xavier Rodriguez denied relief.

Petitioner, who is now confined at FCI Fort Dix in New Jersey, filed the Petition presently before this Court on May 19, 2010.  He raises the following grounds:  (1) failure to disclose all material evidence prior to trial in violation of the Fifth Amendment; (2) the 292-month term of imprisonment violates the Eighth Amendment; (3) the 292-month prison term was imposed in violation of 18 U.S.C. § 3553(a); (4) the 292-month sentence violates the Fifth and Sixth Amendment because the quantity of 119.75 kilograms was not an element of the indictment and not proved beyond a reasonable doubt; and (5) the excessive sentence deprived Petitioner of liberty without due process of law.  (Docket Entry #1, pp. 7, 9, 13, 17, 21.)  (Pet. ¶ 17.)

## II. DISCUSSION

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless–
> . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective." [1] See 28 U.S.C. § 2255(e). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971);

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

3

Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F. 3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade the statute of limitations under § 2255 or the successive petition bar. Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the United States Court of Appeals for the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2] The Court of Appeals first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims. While the Third Circuit found § 2255 inadequate and ineffective under the narrow circumstances present in that case, the court cautioned:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct. The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final. See Bousley v. United States, 523 U.S. 614 (1998).

4

> **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255**.

Dorsainvil at 251 (emphasis added).[3]

Here, Petitioner's challenges to his sentence are within the scope of claims cognizable under § 2255, and thus he may not seek relief under § 2241 unless the remedy under § 2255 is inadequate or ineffective. Section 2255 is not inadequate or ineffective for Petitioner's claims, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted (conspiracy to distribute cocaine and to commit money laundering) is now non-criminal. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Massey v. United States, 581 F. 3d 172 (3d Cir. 2009) (petitioner may not challenge federal sentence on Booker grounds via a writ of audita querela); Costigan v. Yost, 334 Fed. App'x 460 (3d Cir. 2009) (section 2255 is not inadequate or ineffective for Booker claim); DeJesus Hernandez v. Martinez, 2009 WL 1204549 (3d Cir. May 5, 2009) (section 2255 is not inadequate or ineffective to raise challenge to sentence

---

[3] Several courts of appeals have adopted similar tests. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997).

under Supreme Court's decision interpreting sentencing guidelines because decision does not render conduct non-criminal); Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) ("Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument"). This Court accordingly lacks jurisdiction to entertain Petitioner's claims under § 2241, and will dismiss the Petition for lack of jurisdiction.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


 s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**


Dated:    December 28th   , 2010